**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARRIE JOHNSON,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:10-cv-1007-Orl-31GJK**

**SHERIFF OF ORANGE COUNTY**
**FLORIDA and SANDRA KWALE-GENAO,**

        **Defendants.**

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, the Sheriff of Orange County and Deputy Sandra Kwale-Genao ("Defendants"), Motion to Dismiss (the "Motion") (Doc. 4) and Plaintiff's, Carrie Johnson ("Plaintiff"), amended response in opposition thereto (the "Response") (Doc. 14).

**I. Overview**

On February 19, 2010, Plaintiff brought this § 1983[1] action in state court alleging, *inter alia*, that Defendants arrested her without a warrant or probable cause in violation of the Fourth Amendment to the United States Constitution. (Doc. 2). On June 28, 2010, Defendants filed their Motion to Dismiss, contending that Plaintiff failed to effect service within 120 days of filing suit. (Doc. 4 at 1, citing FLA. R. CIV. P. 1.070(j)). On June 29, 2010, while Defendants Motion to

---

[1]Counts I and II of the Complaint are predicated on 42 U.S.C. § 1983. Count III, however, asserts a Florida common law claim for false arrest and false imprisonment.

Dismiss remained pending in state court, Plaintiff finally effected service. (Docs. 15-1 and 15-2). Two days later, Defendants removed Plaintiff's case to federal court. (Doc. 1).

The only issue raised in Defendants' Motion to Dismiss is that Plaintiff failed to timely effect service within the time limits imposed by FLA. R. CIV. P. 1.070(j).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Applicable Law

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). In removal cases, when a defendant has not been served prior to removal, the Federal Rules of Civil Procedure govern defects in service. 28 U.S.C. § 1448. However, when a defendant has been served prior to removal, the sufficiency of service of process is determined in accordance with state law. *See*, *e.g.*, *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985).

In pertinent part, Florida Rule of Civil Procedure 1.070(j) provides:

> If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. . . .

FLA. R. CIV. P. 1.070(j).[2]

In applying FLA. R. CIV. P. 1.070, Florida's courts have observed:

---

[2]Similarly, the Federal Rules of the Civil Procedure provide: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

> As now written, the rule presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. Those options are: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion.

*Chaffin v. Jacobson*, 793 So. 2d 102, 103-04 (Fla. 2d DCA 2001); *accord Premier Capital, LLC v. Davalle*, 994 So. 2d 360, 362 (Fla. 3d DCA 2008). Furthermore, when the statute of limitations has run and service has been perfected as of the date of a hearing on a motion to dismiss for failure to comply with FLA. R. CIV. P. 1.070, a trial court abuses its discretion by not extending the time for service and dismissing the complaint. *Chaffin*, 793 So. 2d at 104; *Amaran v. Marath*, 34 So. 3d 88, 91-92 (Fla. 3d DCA 2010).

## III. Discussion

It is undisputed that Plaintiff failed to timely effect service. Plaintiff had until no later than June 19, 2010 to serve Defendants. FLA. R. CIV. P. 1.070(j). Defendants, however, were served ten days later, on June 29, 2010. According to Plaintiff's counsel, the "reason for the delay of service was the involvement of the undersigned in preparing and filing an appellate brief [and the untimely service was] inadvertent." (Doc. 14 at 2).

In the circumstances of this case, the Court sees no reason to dismiss Plaintiff's Complaint. While the Court doubts that an appellate brief precluded Plaintiff's counsel from serving Defendants within 120 days of filing suit, Defendants have simply not been prejudiced by the additional ten days it took Plaintiff to effect service. Accordingly, the Court will exercise its discretion by denying Defendants' Motion to Dismiss and permitting Plaintiff's case to move forward.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss (Doc. 4) is **DENIED**. By no later than **Tuesday, August 3, 2010**, Defendants shall file their answer to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 19, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                              **GREGORY A. PRESNELL**
                                           **UNITED STATES DISTRICT JUDGE**